UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Harold Waldorf,

                Plaintiff,

   -against-

Vision Financial Corp,

                Defendant.
-----------------------------------------------------------X

13 CV 2841

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

JUDGE SEIBEL

    Plaintiff ("Plaintiff" or "Waldorf"), by and through his attorney, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against the Defendant Vision Financial Corp ("Defendant" or "Vision"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

2.     The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Clomon v. Jackson, 988 F2d 1314 (2d Cir. 1993).

1

## PARTIES

3. Plaintiff is a resident of the State of Florida, County of Broward, residing at 971 SW 134th Ave Fort Lauderdale, Florida 33325. At all relevant times herein, Plaintiff maintained his residence at this address.

4. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York and authorized to conduct business in the State of Florida.

5. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 4 West Red Oak Lane, White Plains, New York 10604.

6. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7. Upon information and belief, and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

8. Indeed, upon information and belief, on a website maintained by Defendant at www.visionfinancialcorp.com, Defendant welcomes visitors with, "Welcome to Vision Financial Corp., a collections company committed to the professional and profitable pursuit of your account receivables."

9. Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

10. Upon information and belief, Defendant was attempting to collect a debt (referred to hereinafter as the "Alleged Debt") from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

11. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

12. In Defendant attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors, Defendant uses the United States mail service, telephone communication and/or Internet communication.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §1692 *et. seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

15. Declaratory relief is available pursuant to 28 U.S.C. §2201, 2202.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Plaintiff was contacted by Defendant in connection to an Alleged Debt incurred to Sears National Bank. Upon information and belief, the nature of the underlying Alleged Debt owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

18. On or about January 2013, Defendant commenced collection activities against Plaintiff to recover Alleged Debt Defendant believed the Plaintiff was obligated to pay.

19. Specifically, Plaintiff was repeatedly contacted by Defendant via telephone with demands that Plaintiff agree to a "settlement agreement" of the Alleged Debt. A log maintained by Plaintiff memorializing each phone call and the representations made on these calls is annexed hereto as Exhibit A.

20. Each and every telephone call to Plaintiff from Defendant is a "communication" as that term is defined in 15 U.S.C. §1692a(2).

21. Plaintiff never had an account with this company and does not owe this debt.

22. Indeed, Plaintiff duly informed Defendant accordingly. Nevertheless, Defendant continuously harassed Plaintiff about the Alleged Debt.

23. In spite of having commenced collection activity in or about January 2013 through telephone communications and possessing Plaintiff's contact information, Defendant did not send Plaintiff a validation notice within five (5) days of the initial communication as required by the FDCPA.

24. On or around February 10, 2013, Plaintiff sent a letter to Defendant requesting validation of the Alleged Debt.

25. Within said letter, Plaintiff also disputed the Alleged Debt on the grounds that it was not his.

26. As of this date, despite receiving the letter on February 20, 2013, Defendant has willfully failed and/or refused to respond to Plaintiff's written request.

27. In place of the requested validation, Defendant sent Plaintiff written notice that the purported owner of the Alleged Debt neither intended to sue nor would report the Alleged Debt on Plaintiff's credit report because it was time-barred. A true copy of this letter is annexed hereto as Exhibit B.

28. The foregoing action by Defendant violates 15 U.S.C. § 1692f(1) which prohibits attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

29. Moreover, Defendant has contacted Plaintiff's elderly father multiple times and has communicated to Plaintiff's father that Plaintiff owed the Alleged Debt.

30. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, Defendant has violated the FDCPA and Plaintiff is entitled to damages, reasonable attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

32. The Defendant's conduct violated 15 U.S.C. § 1692f(1) insofar as Defendant is attempting to collect on a debt not owed by the Plaintiff and, as such, it cannot legally attempt to collect as against Plaintiff.

33. Defendant further compounds this violation by its willful failure to respond to Plaintiff's written request for validation.

34. As a result of the Defendant's flagrant violations of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

36. The Defendant's conduct violated 15 U.S.C. §1692g in that the Defendant failed to send the consumer a 30-day validation notice within five days of the initial communication.

37. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692b(2)

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant violated 15 U.S.C. §1692b(2) in that Defendant told Plaintiff's father, a third party, that the Plaintiff owed an Alleged Debt.

40. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

41.     Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Harold Waldorf demands judgment against the Defendant Vision Financial Corp as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3)

C.  For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       April 25, 2013

Respectfully submitted,

*/s/ Fredrick Schulman/*

Fredrick Schulman, Esq. (FS 2664)
Fredrick Schulman & Associates
30 East 29th Street
New York, New York 10016
(212) 796-6053

**EXHIBIT A**

# CONTACT LOG WITH VISION FINANCIAL

| # | DATE OF CALL/CONTACT | TIME OF CALL/CONTACT | COLLECTOR NAME | AGENCY/COMPANY NAME | TRIED PHONE NUMBER | TYPE OF CONTACT CALL/CONTACT | DURATION OF CALL/CONTACT | DETAILS: AMOUNT DEMANDED, TERMS OF PAYMENT, BAD LANGUAGE, THREATS, OTHER. |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/19/13 | A.M. | DID NOT GET IT. | VISION FINANCIAL Pompano | 954 884-3375 Pompano | PHONE CALL MY CELL | 5 mins +/- | He said I owe Sears NJ+L Bank from 2001-2003 the amount of $837.68. And I (or absolete) made a $500 pmt in '07. |
| 2 | 1/23/13 | A.M. | " | " | " | " | " | Told him "no way". He never had any of my info. He said that could ruin my credit if he had any of my info. |
| 3 | 1/23/13 | A.M. | PHILLIP JENKINS | VISION FINANCIAL Pompano FL | 954 884-3375 | PHONE CALL MY CELL | 10 mins +/- | Told him no way. He said he would send me info on above. He said he had my address in MD. |
| 4 | 2/6/13 | 5:07 P.M. | RON RICHARDSON | VISION FINANCIAL 713-9388 Pompano FL | 954 713-9388 | PHONE CALL MY HOUSE | 10 mins +/- | ASKED HOW HE GOT MY #. TOLD ME CTOUR had my info from 1/23. TOLD HIM TO GET VALIDATION (PROOF) SAID HE WOULD. Told him he could not call with no info. Told him I sent Validation LTR dated 1/30. |
| 5 | 2/9/13 | A.M. MAIL | LVNV FUNDING LLC "MARIE ONG" | VISION FINANCIAL ST. LOUIS MO | N/A | LETTER DATED 1/30 | N/A | Little settlement letter for $209.50 *ACCT #789 6351 + ALSO says I owed $838.26 w/interest due in acct to ATTY. |
| 6 | 2/10/13 | A.M. | N/A | N/A | N/A | N/A | N/A | Spoke to Atty office (Schulman & Assoc) w/ Validation letter to Vision Financial in MO. I SENT letter certified-Req. mail on 2/11. STOP TALKING to ME. |
| 7 | 2/13/13 | 11:17 AM | N/A | VISION FINANCIAL (CLOSTER) N.J. | 201-297-5823 | PHONE CALL MY CELL | 5-10 SECONDS | They Hung up when I answered "Hello!" |
| 8 | 2/13/13 | 10:45 AM | N/A | VISION FINANCIAL (CLOSTER NJ) | 201-297-5823 | PHONE CALL MY CELL | 5-10 SECONDS | Hung up — after a few seconds when I said "Hello." |
| 9 | 2/13/13 | 9:30 P.M. | N/A | VISION FINANCIAL CLOSTER, NJ | 201-297-5823 | PHONE CALL HOUSE MY CELL | 15+ MINS. | Answered "Hello" — "You could hear other end but no one would answer. I hung up. |
| 10 | 2/15/13 | 10:03 AM | SARA | VISION FINANCIAL *CLOSTER NEW JERSEY | 201 297 5823 | PHONE CALL MY CELL | 3-5 MINS | Said: "I'm calling on behalf of Vision Financial — A Debt Validation Agency." I asked where is she calling from — "COSTA RICA" (??) Gave her the Atty paragraph from LTR w/ name & #. Do He (Atty)? name? Bankruptcy she asked? I told her "talk to him." "She Hung up. |
| 11 | " | " | " | " | " | " | " | |

```
RSR147019
```
PO Box 460260
St. Louis MO 63146-7260
ELECTRONIC SERVICE REQUESTED

**Vision**
A National Debt Collection Agency
Financial Collection Services Corp.
(866) 591-0300
Monday - Friday 8am to 5pm CST
Saturday - 9am to 1pm CST

January 30, 2013

000802002400783005203325169871-YA--Y134C58185 2520
RSR147019 -403 - 2520
HAROLD N WALDORF
971 SW 134th Ave
Fort Lauderdale FL 33325-1608

Creditor: LVNV Funding LLC
Account #: 72896351
Vision Account #: RSR147019

*Rec'd 2/9*

2520-SFVFAL10-A4030-01/08/13

Dear HAROLD N WALDORF:

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

Sincerely,
Marie Pane

*Why are they still enforcing the collection?*

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Calls to and from this company may be monitored and recorded for quality assurance.**

- SEE REVERSE SIDE FOR IMPORTANT STATE AND FEDERAL INFORMATION -

EXHIBIT
B